UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS #261409,

       Plaintiff,                        CIVIL ACTION NO. 13-10166

   v.                                DISTRICT JUDGE GEORGE C. STEEH

                                      MAGISTRATE JUDGE MARK A. RANDON

MICHAEL MARTIN, *et al*.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON MOTIONS TO SEVER BASED ON MISJOINDER OF PARTIES AND CLAIMS
(DKT. NOS. 16, 21)**

**I.  INTRODUCTION**

This is a *pro se* prisoner civil rights case.  Plaintiff, Charles Fields, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), alleges that he has been denied personal hygiene products, access to the courts and fair hearings, and a vegan diet necessary to practice his religion; he also alleges retaliation for filing grievances.  Fields' unrelated claims are brought against 16 MDOC employees, at two facilities where he has been housed: the Alger Correctional Facility ("ACF") and the Ryan Correctional Facility ("RCF").[1]

Defendants' motions to sever (Dkt. No. 16, 21) are pending.  The motions are fully briefed (Dkt. No. 22); argument was not heard.  *See* E.D. Mich. LR 7.1(f)(2).  Because Fields' challenge to the Religious Beliefs and Practices of Prisoners Policy ("the Policy") against Defendants Michael Martin, Catherine Bauman, and Gerald Riley contained in Count I of the Complaint was improperly joined with unrelated claims against several other defendants, this Magistrate Judge **RECOMMENDS** that Count I be severed and the remaining counts and

---

[1] Fields is currently confined at the Baraga Correctional Facility in Baraga, Michigan (Dkt. No. 6).

defendants be **DISMISSED WITHOUT PREJUDICE**.[2]

## II.    BACKGROUND

Fields' Complaint names 16 defendants. The ACF employees are: Warden Catherine Bauman; Chaplain Gerald Riley; Deputy Warden Dan Lesatz; Deputy Warden Scott Sprader; Resident Unit Manager ("RUM") Tammy Lindemuth; Assistant Resident Unit Supervisor ("ARUS") Denise Gerth; and, Hearing Officer Linda Maki. The RCF employees are: Account Technician Cheryl Flanagan; ARUS Donald Trammell; ARUS John Abdoo; RUM Leslie Holts; Deputy Warden Scott Nobles; RUM Ester Ward; Assistant Deputy Warden Michael Nowak; and, Assistant Deputy Warden Cornell Howard. MDOC Special Activities Coordinator Michael Martin is also a named defendant.

Fields' Complaint is divided into eight separate counts, each alleging different claims against different defendants. A brief summary of each Count follows.

### A.    *Count I: Fields' Challenge to the Policy (Against Martin, Bauman, and Riley)*

Count I is an as-applied challenge to the Policy. On June 27, 2012, Fields requested approval from Riley, the AFC Chaplin, to eat strictly vegan meals, which he claims is a requirement of his religion – Buddhism. Riley interviewed Fields regarding the sincerity of his religious beliefs and provided the information he obtained to Warden Bauman; Bauman forwarded the information to Martin on July 18, 2012. Fields alleges that the Policy does not contain a deadline by which his request for a religious belief meal accommodation must be answered, and Martin is unduly delaying approval of a vegan diet, compromising his ability to practice his religion.[3] Fields also alleges that Riley and Bauman deliberately failed to interview Martin concerning his request for an accommodation, as part of the grievance process.

---

[2] Riley has not been served.

[3] Fields alleges that, as of the date his Complaint was drafted – January 9, 2013 – Martin has still not responded to his request.

> **B.  *Count II: Fields' Placement in Administrative Segregation (Against Sprader, Lesatz, Bauman, Lindemuth, and Maki)***

Fields claims he filed a grievance against Deputy Wardens Sprader and Lesatz and "initiated [an] investigation for protection." In response, he alleges Sprader and Lesatz along with Warden Bauman and AUM Lindemuth retaliated against him by: (1) directing that he be ordered to "pack his things to move out to General Population"; (2) directing a misconduct report be issued based on his refusal to pack-up and move; and, (3) ordering a forfeiture of 60 days of his earned disciplinary credits after Maki found him guilty of the misconduct. Fields alleges that Maki acted outside the scope of her authority in finding him guilty of the misconduct report. Based on Maki's finding and in retaliation for grievances he filed against Sprader and Lesatz, Fields alleges that Sprader, Lesatz, Bauman, and Lindemuth "classified him" to administrative segregation.

> **C.  *Count III: Conspiracy to Find Fields Guilty of the Major Misconduct Report (Against Maki and Gerth)***

Fields alleges that Maki and Gerth conspired to find him guilty of the major misconduct report discussed in Count II. Specifically, Fields alleges that he was denied a timely misconduct hearing, notice that the charge would be minimized at the misconduct hearing, and deprived of the ability to present a defense.

> **D.  *Count IV: Fields' Denial of the Transfer Screen and Personal Hygiene Items (Against Gerth)***

Fields alleges that he told Gerth that he would file a grievance against her for allowing the Newberry Correctional Facility Security Classification Committee to increase his classification from level two to level four. In retaliation, Fields claims that on October 17, 2012, Gerth denied him a copy of a transfer screen that he needed to file a grievance against RCF. Because of Gerth's denial, Fields says his grievance was rejected as untimely. Fields also alleges that Gerth denied him 29 days of personal hygiene items.

3

  E. *Count V: Fields' Claim that he was Prevented from Purchasing Personal Hygiene Items (Against Flanagan)*

Fields alleges that Flanagan prevented him from purchasing personal hygiene items for five months.

  F. *Count VI: Fields' Claim that he was Denied Personal Hygiene Items in Retaliation for Filing Grievances (Against Trammell)*

Fields alleges that Trammell denied him personal hygiene items for five months, in retaliation for a grievance he filed against Trammell.

  G. *Count VII: Denial of Access to the Courts and Harassment (Against Trammell, Abdoo, Holts, and Nobles)*

Fields alleges that Trammell, Abdoo, and Holts denied him access to the courts by refusing to accept his legal mail on May 6, 2011, in retaliation for filing grievances against Trammell and Nobles. Fields also alleges that Nobles harassed him by threatening to transfer him to a prison "up North" in response to an anonymous kite Nobles received regarding Fields' behavior.

  H. *Count VIII: Retaliatory Transfer (Against Nobles, Trammell, Abdoo, Holts, Flanagan, Ward, Nowak, and Howard)*

Fields alleges that Nobles, Trammell, Abdoo, Holts, Flanagan, Ward, Nowak, and Howard conspired to transfer him to a prison in the Upper Peninsula, in retaliation for filing grievances against Trammell, Abdoo, Holts, Flanagan, Nobles, and Konieczki.

### III. ANALYSIS

With respect to the joinder of multiple parties in a single lawsuit, Federal Rule of Civil Procedure 20(a)(2) provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Where parties are misjoined, the court may, at any time, drop a party or sever any claim against a party. Fed. R. Civ. P. 21; *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) (dismissal of mis-joined defendants is appropriate under Rule 21).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). But, parties should not be allowed to join multiple defendants in a single suit when the claims are unrelated. *See*, *e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3rd Cir. 2007) (per curiam) (dismissal appropriate where plaintiff claims multiple constitutional violations by different defendants arising out of different transactions and occurrences); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims by prisoner against different defendants belong in different suits).

Fields' Complaint does not satisfy Rule 20(a)(2) for the joinder of multiple defendants. His challenge to the Policy (Count I) does not arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims against other defendants in the remaining seven counts. "These claims are against other defendants and involve distinct factual scenarios, different time periods and different legal standards." *Prince v. Elum*, No. 12-cv-15526, pp. 8-9 (E.D. Mich. Jan. 14, 2013) (citing *George*, 507 F.3d at 606-07 (plaintiff's unrelated claims of denial of medical care, retaliation, and mishandling of parole asserted against different defendants belong in different lawsuits); *Michaels Bldg. Co.*, 848 F.2d at 682 (district court properly dropped defendants where claims against those defendants was based on a loan transaction factually unrelated to the loans made by other defendants)). As such, the allegations in Counts II through VIII of Field's Complaint are misjoined and severance of claims and parties is warranted.

**IV.   CONCLUSION**

Because Fields' challenge to the Policy against Martin, Bauman, and Riley contained in Count I of the Complaint was improperly joined with unrelated claims against several other

defendants, this Magistrate Judge **RECOMMENDS** that Count I be allowed to proceed; and, Counts II-VIII and defendants Lesatz, Sprader, Lindemuth, Gerth, Maki, Flanagan, Trammell, Abdoo, Holts, Nobles, Ward, Nowak, and Howard be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                             s/Mark A. Randon
                                             Mark A. Randon
                                             United States Magistrate Judge

Dated: August 14, 2013

### Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 14, 2013, by electronic and/or ordinary mail.

                                             *s/Eddrey Butts*
                                             *Case Manager for Magistrate Judge Mark A. Randon*