UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS,

      Plaintiff,

v.

      CASE NO. 13-CV-10166
      HONORABLE GEORGE CARAM STEEH
      MAG. JUDGE MARK A. RANDON

MICHAEL MARTIN, et al.,

      Defendants.
_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE
JUDGE' REPORT AND RECOMMENDATION (DOC. 27) AND
GRANTING DEFENDANTS' MOTIONS TO SEVER (DOC. 16, 21)**

This is a *pro se* prisoner civil rights case. Plaintiff Charles Fields has filed unrelated claims in an eight-count Complaint against sixteen employees of the Michigan Department of Corrections who have worked at the two prisons where Fields has been housed. Defendants filed two motions to sever on the grounds that counts two through eight were improperly joined with count one because those claims involve separate defendants and unrelated claims. On August 14, 2013, Magistrate Judge Randon issued his report and recommendation which recommends that defendants' motions to sever should be granted on the ground that Fields' Complaint does not satisfy Federal Rule of Civil Procedure 20(a)(2) for the joinder of multiple defendants. He reasons joinder would be improper because count one, which sets forth Fields' challenge to the prison policy which he alleges does not contain a deadline by which his request to have a vegan diet in conformity with

-1-

his religion of Buddhism must be processed, is unrelated to the claims against the other defendants in the remaining seven counts.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A district court need not conduct de novo review where the objections are "[f]rivolous, conclusive or general." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (per curium) (citation omitted).

On August 26, 2013, Fields timely filed objections set forth in a single paragraph. Fields objects to the motions to sever on the grounds that proceeding in a single lawsuit would promote the administration of justice, but later in that same paragraph adds the caveat that if "the doing of justice will in some way be promoted then Plaintiff does not contest Defendants' Motion to Sever." (Doc. 28).  This generalized and ambiguous objection is an insufficient basis for this court to overrule the report and recommendation. Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the report and recommendation that are legitimately in contention.  Mira, 806 F.2d at 637.

Fields further contends that the report and recommendation is not supported by case law from the Sixth Circuit or a federal district court within the State of Michigan involving a prisoner civil rights suit.  Magistrate Judge Randon's report and recommendation was well supported by authority from the United States Supreme Court, the Court of Appeals for the Sixth Circuit, as well as by opinions from the Third and Seventh Court of Appeals

-2-

and by United States District Judge Gerald Rosen of the Eastern District of Michigan. While Fields is correct the decisions of the United States Supreme Court, United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966), and of the United States Court of Appeals for the Sixth Circuit, Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988), which Magistrate Judge Randon relied upon, did not involve prisoner plaintiffs, those decisions are directly on point as to the issue of misjoinder and fully support his recommendation that unrelated counts should be dismissed here.  Moreover, Magistrate Judge Randon also relied on several opinions involving prisoner civil rights complaints where courts ruled that joinder of unrelated defendants and claims would be improper.  See Pruden v. SCI Camp Hill, 252 Fed. App'x 436, 437 (3rd Cir. 2007); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Prince v. Elum, No. 12-CV-15526, at 8-9 (E.D. Mich. Jan. 14, 2013) (Rosen, J.).

    Having conducted a de novo review of this matter, the court ACCEPTS and ADOPTS the report and recommendation (Doc. 27) as the findings and conclusions of this court and hereby GRANTS defendants' motions to sever (Doc. 16, 21) such that Fields may proceed with count one, but counts two through eight and defendants Dan Lesatz, Scott Sprader, Tammy Lindemuth, Denise Gerth, Linda Maki, Cheryl Flanagan, Donald Trammel, John Abdoo, Leslie Holts, Scott Nobles, Ester Ward, Michael Nowak, and Cornell Howard, hereby are DISMISSED WITHOUT PREJUDICE.

    **IT IS SO ORDERED**.

Dated:  September 13, 2013

                                        s/George Caram Steeh  
                                        GEORGE CARAM STEEH  
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 13, 2013, by electronic and/or ordinary mail and also on Charles Fields #261409, Baraga Maximum Correctional Facility,13924 Wadaga Road, Baraga, MI 49908.

s/Barbara Radke
Deputy Clerk