# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHARLES FIELDS,

    *Plaintiff*,

*v.*

MICHAEL MARTIN; CATHERINE
BAUMAN; and GERALD RILEY,

    *Defendants*.[1]

_____/

CASE NO. 13-CV-10166

DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO AMEND/CORRECT, AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
(Docs. 37, 44, 45)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that

1)    Defendants' motion for summary judgment (Doc. 37) be **GRANTED**;

2)    Plaintiff's motion to amend/correct (Doc. 44) be **DENIED**; and

3)    Plaintiff's motion for preliminary injunction (Doc. 45) be **DENIED**.

## II.    REPORT

### A.    Introduction

On June 19, 2012, Plaintiff, a state prisoner currently housed at the St. Louis Correctional

Facility in St. Louis, Michigan, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983,

---

[1]Other Defendants were terminated from the case on September 13, 2013. (Doc. 29.)

alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated when the defendants failed to provide him with a vegan diet as required by his Buddhist religion. (Compl., Doc. 1.) The events forming the basis for the complaint occurred while Plaintiff was housed at Alger Correctional Facility, in Munising, Michigan. (*Id.*) On April 25, 2014, U.S. District Judge George Caram Steeh entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 49.)

Defendants' motion for summary judgment was filed on October 21, 2013. (Doc. 37.) Plaintiff responded January 9, 2014. (Doc. 42, 43.) Plaintiff filed his motion to amend/correct (Doc. 44) and his motion for preliminary injunction (Doc. 45) on January 21, 2014. Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), these motions are ready for report and recommendation without oral argument.

### B.    Defendants' motion for summary judgment

### 1.    Summary judgment and Qualified Immunity standards

Defendant has raised the defense of qualified immunity, which "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)). When a defendant moves for summary judgment on the basis of qualified immunity, the analysis involves three inquiries: (1) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (2) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known"; and (3) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly

established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)).

The Supreme Court has clarified the interplay between qualified immunity and the summary judgment standards found in Rule 56(c) of the Federal Rules of Civil Procedure:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. . . . Respondent's version of the events is so utterly discredited by the record that no reasonable jury could have believed him [so] [t]he Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

*Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citations omitted).

Once the defense of qualified immunity is raised, the burden rests with the plaintiff to show that the defendant is not entitled to qualified immunity. *Curry v. School Dist. of the City of Saginaw*, 452 F. Supp. 2d 723, 734 (E.D. Mich. 2006) (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

## 2.    Analysis and conclusions

Plaintiff's complaint avers an "as-applied challenge to the Religious Belief and Practice of Prisoners Policy and the Grievance Policy" based on denial of his June 27, 2012 request "to be approved in a reasonable time manner to eat from the strict vegetarian (vegan) diet religious menu..." (Doc. 1 at 4.)  Plaintiff further avers that the request was denied despite his statements

that "his religion Buddhism is sincerely held and that his eating from the vegan diet menu is necessary to the practice of Buddhism..." (*Id.*)

Plaintiff declared Buddhism as his religious preference on June 22, 2012, and on that same date, requested to eat from the vegan/strict vegetarian menu. (Doc. 37, Martin Aff., Ex. 1 at ID 147.) Chaplain Riley interviewed Plaintiff on July 12, 2012, and sent all the information gleaned during the interview to Defendant Martin. (Doc. 37, Ex. 1 at ID 147; Riley Aff., Ex. 3 at ID 165.) Defendant Martin made the decision to deny Plaintiff's request for a vegan menu on December 13, 2012, based on the following factors:

> [P]laintiff was unable to identify or explain the major teachings of Buddhism or why a religious diet was required. In his interview with Chaplain Riley, plaintiff actually indicated that a vegetarian diet (i.e., no meat or meat by-products) as opposed to a vegan/strict vegetarian diet (i.e., no meat, meat by-products, dairy or eggs) was required; a vegetarian diet can be accommodated through self-selection from the general food line. Chaplain Riley also indicated that plaintiff has not requested any religious reading material regarding Buddhism to assist in understanding its religious doctrine. I also personally checked MDOC records regarding plaintiff's attendance at Buddhist religious services prior to denying his request on December 13, 2012 and noted that he had not attended services in December.

(Doc. 37, Ex. 1 at ID 147.)

As indicated in Plaintiff's complaint, Plaintiff does not challenge the constitutionality of the policy governing requests for special diets, i.e. MDOC P.D. 05.03.150. Instead, Plaintiff lodges only an "as-applied" challenge to the application of the policy to his request. (Doc. 1 at 4.)

While "incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates retain First Amendment protection to freely exercise their religion, *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), subject to reasonable restrictions and limitations related to legitimate penological interests. *Id.* To state a free exercise claim, a plaintiff must allege facts from which an inference may be drawn that the government has placed a 'substantial burden on the

observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

When assessing the sincerity of a prisoner's religious beliefs, prison officials may not rely solely on a test that determines the prisoner's knowledge of his religion. *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010).  However, prison officials may ask questions as part of the process in assessing whether a prisoner's beliefs are sincere. *Johns v. Michigan Dep't of Corrections*, No. 2:12-cv-194, 2013 WL 5330056, at *6 (W.D. Mich. Sept. 23, 2013)(granting summary judgment where prison officials denied request for a vegan diet based on plaintiff's failure to adequately answer questions about the tenets of the Buddhist faith and the fact that plaintiff purchased meat items from the prison store).

In the instant case, Defendant Martin indicated that he relied not only on Plaintiff's inability "to identify or explain the major teachings of Buddhism or why a religious diet was required" but also on the fact that Plaintiff had not requested any religious reading material, had not attended Buddhist services, and, most importantly, that Plaintiff had told Defendant Riley that he needed to follow a vegetarian diet to practice his religion, not a vegan diet. (Doc. 37, Ex. 1 at ID 147.)  As noted above, a vegetarian diet could be accommodated by selecting non-meat items from the general food line. (Doc. 37, Ex. 1 at ID 147.)  I suggest that under these circumstances, there Defendants have met their burden to show that Plaintiff's First Amendment rights were not violated. *Spies v. Voinovich*, 173 F.3d 398, 407 (6th Cir. 1999)(holding that the First Amendment was no violated by denial of a vegan diet to a plaintiff who admitted that a vegan diet is not a requirement to practice Buddhism, although a vegetarian diet is required and was available).  Since I recommend finding that no constitutional violation occurred, I further suggest that Defendants are entitled to qualified immunity.

5

Even assuming, *arguendo*, that Plaintiff could show a constitutional violation, I suggest that any such violation would not have involved a clearly established constitutional right of which a reasonable person would have known. *See Radvansky*, 395 F.3d at 302. I therefore suggest that Defendants are entitled to qualified immunity and that the motion for summary judgment should be granted.

### C. Plaintiff's motion to amend/correct (Doc. 44) and Plaintiff's motion for preliminary injunction (Doc. 45)

Plaintiff's motion to amend seeks to add facts that Defendant Riley recommended his request be denied and that Defendant Bauman conspired to "prevent him from timely exhausting administrative remedies." (Doc. 44 at 2-3.)  Since I already suggest that Plaintiff's claim should not survive summary judgment and since lack of exhaustion was not argued by the Defendants and did not form any basis for the above recommendation, I suggest that amendment would be futile. *Seaton v. TripAdvisor, LLC*, 728 F.3d 592, 603 (6th Cir. 2013)(denying amendment based on futility where claim was to be dismissed on the merits regardless).  I therefore recommend the motion to amend be denied.

Since I recommend that summary judgment in favor of all Defendants, I further recommend that the motion for preliminary injunction be denied as moot.

### D. Conclusion

For all the reasons stated above, I recommend that Defendants' motion for summary judgment (Doc. 37) be granted and that Plaintiff's motion to amend/correct (Doc. 44) and for preliminary injunction (Doc. 45) be denied.

III.    **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 30, 2014                    /S PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record.  A hard copy of this Report was served by first class mail on Charles Fields, #261409, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI, 48880; and in the traditional manner on District Judge Steeh.

Date:  May 30, 2014                      By     s/*Jean L. Broucek*
                                         Case Manager to Magistrate Judge Morris