UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS,

    Plaintiff,

v.

    CASE NO. 13-CV-10166
    HONORABLE GEORGE CARAM STEEH
    MAG. JUDGE PATRICIA T. MORRIS

MICHAEL MARTIN, CATHERINE
BAUMAN, and GERALD RILEY,

    Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 37)
AND DENYING PLAINTIFF'S MOTION TO AMEND (Doc. 44)
AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 45)**

    Plaintiff Charles Fields, a *pro se* prisoner, brought this 42 U.S.C. § 1983 action to challenge defendants' denial of his alleged request for a vegan diet, which he claims was necessary to practice his Buddhist religion. Defendants claim that plaintiff only requested a vegetarian diet, which could be satisfied through self-selection in the regular food line, and that plaintiff has failed to show that he has a sincerely held religious belief requiring a vegan diet. Defendants filed a motion for summary judgment which this court referred to the magistrate judge. The magistrate judge recommends that this court enter summary judgment for defendants because no constitutional violation has occurred and defendants are entitled to qualified immunity. In addition, plaintiff filed a motion to amend and a motion for preliminary injunction which this court also referred to the magistrate judge. Finding that the facts sought to be amended would not alter the court's analysis that plaintiff's claim

should not survive summary judgment, the magistrate judge recommends that the motion to amend be denied as futile. In addition, the magistrate judge recommends that the motion for preliminary injunction be denied as moot.

The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff has filed objections to that report within the established time period which this court has duly considered. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A district court need not conduct de novo review where the objections are "[f]rivolous, conclusive or general." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (per curium) (citation omitted). For the reasons set forth below, the court accepts the report and recommendation of the magistrate judge.

Plaintiff first objects to that portion of the report and recommendation which states that he brought an Eighth Amendment challenge to the denial of his alleged request for a vegan diet. Even if plaintiff was not alleging an Eighth Amendment violation, but only an "as-applied challenge to the Religious Belief and Practice of Prisoners Policy and Grievance Policy," (Doc. 1) the record is clear that the magistrate judge properly analyzed plaintiff's claim under the First Amendment's protection of an inmate's right to freely exercise his religion subject to reasonable restrictions related to legitimate penological interests.

Plaintiff second objection, while not entirely comprehensible, appears to complain that the magistrate judge should not have considered defendants' formal rejection of his

-2-

request for a special diet dated December 13, 2012, as his complaint did not specifically address that decision, and he did not receive a copy of it until he was served with defendants' motion for summary judgment in this case. The decision in question was defendants' formal response to plaintiff's request for a special diet, and thus, the court must consider that decision in deciding plaintiff's § 1983 claim here. In his second objection, plaintiff also argues that the magistrate judge should have considered whether defendants unduly delayed in denying his June 27, 2012 request for a special diet, a request which he made, according to his own affidavit, just two days after he attended his first Buddhist service.[1] (Doc. 44, Appendix A at ¶ 2). Plaintiff has not shown that the delay alleged violated his constitutional right to the free exercise of his religion, and even if he could show that the delay somehow amounted to a constitutional deprivation, for the reasons discussed below, defendants are entitled to qualified immunity.

Plaintiff's third objection is that the magistrate judge failed to adopt as true his version of the facts. In making a decision on a motion for summary judgment, the court must view the facts and all inferences to be drawn from the facts in the light most favorable to the non-moving party, Bell v. United States, 355 F.3d 387, 392 (6th Cir. 2004), but the court is not required to accept as true the plaintiff's allegations as it does in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants point out that because it is not uncommon for a prisoner to claim the need for a religious diet solely for purposes of being transferred to another prison, approval is granted only where a

---

[1] Defendants assert the request was made on June 22, 2012, the same date that plaintiff declared Buddhism as his religion. (Doc. 37, Ex. 1 at ¶ 5).

prisoner shows a special diet is necessary to practice a sincerely held religious belief, and defendants claim plaintiff here has failed to make that showing here. (Doc. 37 at 2).

The Sixth Circuit has held that a prisoner retains a First Amendment right to the free exercise of his religion. Flagner v. Wilkinson, 241 F.3d 475, 481 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319, 322 n.2 (1973)). In the context of the First Amendment free exercise clause, "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held." Id. at 481. (quotations and citations omitted). Moreover, the Supreme Court has held that prison regulations may infringe on a prisoner's constitutional rights as long as they are rationally related to a legitimate penological concern. Turner v. Safley, 482 U.S. 78 (1987).

According to defendant Michael Martin's affidavit, defendants denied plaintiff's request for a vegan diet because he did not appear to have a sincerely held religious belief that required a religious diet. (Doc. 37, Ex. 1 at ¶ 7). Defendants based their decision on the following factors: (1) plaintiff was unable to identify the major teachings of Buddhism or why a special diet was required; (2) he stated that a vegetarian diet, not a vegan diet, was required which could be accommodated by selecting non-meat items in the regular food line; (3) he never requested any Buddhism reading materials, and (4) he had not attended Buddhist religious services in December. (Id. at Ex. 1 at ¶ 7). In opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit claiming that he told defendant Chaplain Riley that he needed a strictly vegan diet, not just vegetarian, because Buddhism requires him to respect the lives of animals, that he did request Buddhist reading materials, and he did not attend Buddhist services in December because

-4-

he was in administrative segregation during that time. (Doc. 44, Appendix A). Given plaintiff's affidavit in opposition to defendants' motion for summary judgment, there is some merit to plaintiff's claim that an issue of fact exists as to whether he had a sincerely held religious belief for which he required a special diet. Even if such a question of fact exists, however, defendants are entitled to qualified immunity.

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). Hence, immunity questions should be resolved as early in the litigation as possible. Pearson v. Callahan, 555 U.S. 223, 232 (2009). Qualified immunity gives "ample room for mistaken judgments by protecting all but the plainly incompetent, and those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (citations omitted). "A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights . . . such that mere negligence or recklessness is insufficient." Ahlers v. Schebil, 188 F.3d 365, 373 (6th Cir. 1999). Once the defense of qualified immunity is raised, the plaintiff bears the burden of proving that the defendant is not entitled to qualified immunity. Rodriguez v. Passinault, 637 F.3d 675, 689 (6th Cir. 2011). "The relevant, dispositive inquiry in determining whether a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001) (quotations and citations omitted).

In resolving the issue of qualified immunity on summary judgment, courts are required to engage in a two-step decisional process: (1) whether the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred; and (2) whether the constitutional right was "clearly established" at the time of the alleged misconduct. Pearson, 555 U.S. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). A district court enjoys "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236.

In this case, plaintiff has no "clearly established" constitutional right of which a reasonable person would have known to a vegan meal. In Spies v. Voinovich, 173 F.3d 398, 407 (6th Cir. 1999), the Sixth Circuit addressed this same issue and held that the prison officials did not violate the First Amendment rights of an inmate who was a practicing Buddhist when they denied his request for a vegan diet, when he admitted that such a diet was not required under Zen Buddhist practice. The Sixth Circuit explained, "in pointing out that veganism is not required of Zen Buddhists, we are not stating that [plaintiff's] veganism is not a sincerely-held religious belief. Rather, we are stating that because the prison has already provided him with a vegetarian meal . . .the prison's decision to deny him a vegan meal is reasonably related to legitimate penological interests." Id. Given the Sixth Circuit's holding in Spies, plaintiff has no "clearly established" First Amendment right to a vegan diet to exercise his Buddhist religion, and defendants are entitled to qualified immunity.

Plaintiff's fourth objection to the report and recommendation is that the magistrate judge misstated his motion to amend. The court has reviewed plaintiff's motion to amend

and finds that the amendment sought, including plaintiff's alleged retaliation claim, would be futile for the reasons discussed above and set forth in the report and recommendation.

Plaintiff's fifth, and final objection is that the magistrate judge erred in recommending that his motion for a preliminary injunction be denied as moot because he claims to have demonstrated issues of fact exist as to whether he had a sincerely held religious belief that a vegan diet was required to practice his Buddhist religion. Because this court holds that defendants are entitled to qualified immunity, injunctive relief is not warranted.

For the reasons discussed above, IT IS ORDERED that the magistrate judge's report and recommendation is accepted. IT IS FURTHER ORDERED that plaintiff's objections (Doc. 52) are OVERRULED. IT IS FURTHER ORDERED that defendants' motion for summary judgment (Doc. 37) is GRANTED. IT IS FURTHER ORDERED that plaintiff's motion to amend (Doc. 44), and plaintiff's motion for preliminary injunction (Doc. 45) are DENIED.

**IT IS SO ORDERED**.

Dated:  August 18, 2014

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 18, 2014, by electronic and/or ordinary mail and also on Charles Fields #261409, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk